[Docket No. 1]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
JARON BURNETT,                      :     Civ. No. 10-3955 (RMB)
                                    :
          Petitioner                :
     v.                             :     **OPINION**
                                    :
UNITED STATES OF AMERICA,           :
                                    :
          Respondent.               :
_____ :

      This matter comes before the Court upon a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by the Petitioner, Jaron Burnett.  For the reasons set forth below, this motion is denied.

A.   **Background**

      On October 10, 2008, Burnett pled guilty to one count of "knowingly transport[ing] an[] individual in interstate . . . commerce . . . with intent that such individual engage in prostitution." 18 U.S.C. § 2421.  The pre-sentence report submitted by the United States Probation Office found that Burnett's base offense level was 24, but recommended applying two two-level enhancements. The first enhancement was recommended on the basis that the offense involved a commercial sex act, while the second enhancement was recommended pursuant to U.S.S.G.

1

§ G1.3(b)(3)(B) of the United States Sentencing Guidelines ("the Guidelines"), which provides for an upward adjustment "[i]f the offense involved the use of a computer or an interactive computer service to . . . entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with [a] minor."

At sentencing, the Court heard testimony both from Burnett and from Federal Bureau of Investigation Special Agent Daniel Garrabrant. Garrabrant testified that he had interviewed a seventeen-year-old minor identified as A.M.  A.M. told Garrabrant that, after meeting Burnett in Yonkers, New York, she "worked as a prostitute for him" in both New York City and Atlantic City, and that Burnett posted photographs of her on the website Craigslist. According to Garrabrant, analysis of Burnett's computer revealed that Burnett had accessed Craigslist and had received replies to one or more postings regarding A.M., including responses that temporally "matche[d] weekends in which [A.M.] would have been in Atlantic City." Burnett, meanwhile, admitted to posting pictures of A.M. accompanied by his phone number on Craigslist and to receiving responses to those postings by e-mail and telephone. He stated, however, that he used only the New York City Craigslist site, not the South Jersey site, because he found the latter "too broad" in geographic terms.

The Court concluded both that (1) Burnett's testimony did not contradict Garrabrant's view that the dates of the responses

2

to the Craigslists postings corresponded to the times A.M. was in Atlantic City, and (2) the text of § 2G1.3(b)(3)(B), as elaborated by an application note, covered Burnett's conduct. Accordingly, the Court applied a two-level enhancement pursuant to § 2G1.3(b)(3)(B). The Court did, however, determine that the government had not met its burden of proving that the adjustment for a commercial sex act applied.

After the application of a three-level reduction for acceptance of responsibility, the resulting Guidelines range for Burnett's sentence was 84 to 105 months in prison. The Court sentenced Petitioner to 105 months in prison, followed by fifteen years of supervised release.  On April 16, 2010, the Court of Appeals for the Third Circuit affirmed the judgment of sentence.

B.     **§2255 Motion**

Burnett's motion raises two grounds for relief.  First, Burnett raises an ineffective assistance of counsel claim, asserting that his appellate counsel, Roland Jarvis, was ineffective because he decided not to raise as an issue on appeal the two-level sentencing enhancement that Burnett received, pursuant to U.S.S.G. § 2G1.3(b)(3)(B), for use of a computer to "entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor."  Second, Burnett argues, on the merits, that the Court erred in awarding this two-level enhancement.

Burnett's appellate counsel filed a motion before the Third Circuit, pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), requesting permission to withdraw because counsel concluded that there were no non-frivolous issues for appeal.  Before ruling on the motion, the Third Circuit gave Burnett an opportunity to file a <u>pro se</u> brief, raising any issues he deemed to be non-frivolous. Burnett thereafter filed a brief arguing that this Court improperly applied the two-level enhancement pursuant to § 2G1.3(b)(3)(B).

In affirming this Court's judgment of sentence, the Third Circuit held that "there are no non-frivolous issues on appeal." The Third Circuit specifically considered the two challenges in Burnett's <u>pro se</u> brief to the application of § 2G1.3(b)(3)(B), and found that this Court properly applied the two-level enhancement.

In order to prevail on his ineffective assistance of counsel claim, Petitioner must satisfy the two-pronged test announced by the United States Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  To do so, he must show that: (1) his attorney's "performance was, under all the circumstances, unreasonable under prevailing professional norms," and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different."  <u>United States v. Day</u>,9696 U.S. F.2d 39, 42 (3d Cir. 1992)(citing <u>Strickland</u>, 466 U.S. at

4

687-96).

Although this test sets forth the performance prong of an ineffectiveness claim prior to the prejudice prong, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one."  Strickland, 466 U.S. at 697.  Indeed, as the Supreme Court has noted:

> a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  The object of an ineffectiveness claim is not to grade counsel's performance.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

Id.  Thus, this Court need not reach the issue of whether Burnett's counsel was ineffective for failing to raise an argument about the applicability of § 2G1.3(b)(3)(B) in his brief on appeal because Burnett cannot bear his burden of demonstrating any prejudice as a result of that failure.  The Third Circuit has already considered this issue and found it to be frivolous.

Moreover, defendant may not relitigate issues that were decided adversely to him on direct appeal through a motion for relief pursuant to 28 U.S.C. § 2255.  United States v. DeRewal, 10 F.3d 100, 105 n. 4 (3d Cir. 1993); Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1074-75 (ed Cir. 12985).  See also United States v. Kikumura, 947 F.2d 72, 77 (3d Cir.

1991)(defendant "cannot continue to litigate questions already decided by this court in a prior proceeding").

C. **Conclusion**

In conclusion, because the Court of Appeals for the Third Circuit has already ruled on the merits that the enhancement pursuant to § 2G1.3(b)(3)(B) was properly applied, Burnett cannot demonstrate that his appellate counsel was ineffective for failing to raise the claim, and Burnett cannot relitigate the merits of that claim before this Court. Petitioner's motion for relief is therefore denied.

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
United States District Judge

Dated: October 15, 2010